ANNIE T. H. HEISE, Appellant, *v.* FRANK M. WELLS, Individually and as Trustee under a Deed of Trust Executed by ANNIE T. H. HEISE, et al., Respondents.

Trust — assignment by cestui que trust of her interest in corpus of trust fund to trustee — instrument assigning such interest examined, and held to be valid and lawfully executed and delivered.

Plaintiff's testator gave the residue of his real and personal property in trust for the benefit of his daughters, plaintiff being one of the number, the income to be paid to them for ten years, after which they were to receive the *corpus* of the estate. Before the expiration of that term plaintiff executed an instrument assigning to one of the defendants as trustee, for certain uses and purposes named therein, the total amount to which she might become entitled under the said will or from the said estate upon the termination of the prior estate limited in the will to the executors and trustees therein named, or as one of the next of kin or heirs at law of her father. The instrument also appointed the same defendant her attorney in fact to receive all the income to which plaintiff was entitled under her father's will and apply the same to her use. Plaintiff brings this action to set aside the assignment on the ground that it was obtained by deceiving her as to its meaning and legal effect. *Held*, that the findings of fact sustain the conclusions of law in favor of defendants. That the trust instrument is valid and its execution and delivery sufficient. That it was the intention of the plaintiff by

1

the trust deed to transfer and convey her vested interest in the trust property subject to the same being held by the trustee for the trust period as provided by the will of her father. That the income to be received under the will was not intended to pass under the trust deed or instrument, but solely by virtue of the power of attorney and subject to the appellant's direction to her said attorney. That as so construed the trust deed is a valid and enforceable instrument.

*Heise* v. *Wells*, 150 App. Div. 928, affirmed.

(Argued January 27, 1914; decided April 14, 1914.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 24, 1912, affirming a judgment in favor of defendants entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*W. Russell Osborn* for appellant. Mrs. Heise attempted to give a sum of money, the proceeds of her undivided interest in her father's estate, but she did not give her legal estate in remainder, which was all she had to give at the time of the alleged gift. The gift was, therefore, executory and invalid. (*Richards* v. *Delbridge*, L. R. [18 Eq.] 11; *Milroy* v. *Lord*, 4 DeG., F. & J. 274; *Young* v. *Young*, 80 N. Y. 422; *Wadd* v. *Hazleton*, 137 N. Y. 215; Gerard on Titles [5th ed.], 538; *Colman* v. *Sarrell*, 1 Ves. Jr. 50; *Meek* v. *Kettlewell*, 1 Phillips, 342; *Matter of Ellenborough*, L. R. [1 Ch.] 697; *Cambrelling* v. *Graham*, 79 Hun, 247; *McCartney* v. *Ridgway*, 160 Ill. 129; *Noble* v. *Smith*, 2 Johns. 52.)

*Eugene Frayer* and *James Boyd Potter* for Frank M. Wells, respondent. The trust deed was not executory, nor for that reason invalid. (*Ham* v. *Van Orden*, 84 N. Y. 257; *Pickert* v. *Windecker*, 73 Hun, 476; *Matson* v. *Abbey*, 70 Hun, 475; 141 N. Y. 179.) The appellant's interest in the real property belonging to her father's

estate passed under the trust deed. (*Pickert* v. *Windecker*, 73 Hun, 476; *Hunt* v. *Johnson*, 44 N. Y. 27, 39; Kent's Com. [14th ed.],*491 and note [e].) The conclusions of law were sustained by the facts found. (*Salisbury* v. *Bigelow*, 20 Pick. 180; *Sewell* v. *Roberts*, 115 Mass. 262; *Newton* v. *Askew*, 11 Beav. 145; *Viney* v. *Abbott*, 109 Mass. 302; *Martin* v. *Funk*, 75 N. Y. 134; *Hildreth* v. *Eliot*, 8 Pick. 293; *Parker* v. *Allen*, 36 N. Y. S. R. 671; *Kelly* v. *Ashforth*, 47 Misc. Rep. 498; *Doheny* v. *Lacy*, 168 N. Y. 213; *Westlake* v. *Wheat*, 43 Hun, 77; *Mabie* v. *Bailey*, 95 N. Y. 206; *McPherson* v. *Rollins*, 107 N. Y. 316; *Robertson* v. *McCarty*, 54 App. Div. 103; *Thurston, Petitioner*, 154 Mass. 596.)

*J. Hampden Dougherty* for Rudolph J. Heise et al., respondents. The insertion of a power of revocation in the instrument would have left the plaintiff at the mercy of a husband whose demands for money she had found herself unable to resist. Her purpose would have been defeated had the deed been revocable, and she made it with intent that it should be irrevocable. (*Gibbes* v. *N. Y. L. Ins. & Trust Co.*, 14 Abb. [N. C.] 1; *Parker* v. *Allen*, 36 N. Y. S. R. 671.) The deed of trust was not executory and invalid. (*Colman* v. *Sarrell*, 1 Ves. Jr. 50.) In creating the trust the plaintiff's intent was to convey all her interest in her father's estate, both real and personal, and the deed effectuated her purpose. (*Clark* v. *Post*, 113 N. Y. 17; *Pickert* v. *Windecker*, 73 Hun, 476; *Hunt* v. *Johnson*, 44 N. Y. 27.) If Mr. Hearne's will intended a conversion of his real estate, the plaintiff's interest in it passed under the deed of trust. (*Delafield* v. *Barlow*, 107 N. Y. 535; *Robert* v. *Corning*, 89 N. Y. 225; *Allen* v. *Allen*, 149 N. Y. 280; *Lent* v. *Howard*, 89 N. Y. 169; *Salisbury* v. *Slade*, 160 N. Y. 289; *March* v. *March*, 186 N. Y. 189; *Power* v. *Cassidy*, 79 N. Y. 602; *Hobson* v. *Hale*, 95 N. Y. 588; *Underwood* v. *Curtis*, 127 N. Y. 523.)

CHASE, J. Edwin R. Hearne died March 11, 1899, leaving a will which was duly admitted to probate. Subject to the payment of his debts and funeral expenses he gave all his real and personal property to his executors and the survivor of them in trust, to set apart therefrom certain specified shares of corporate stock for the benefit of a named son, and upon the further trusts as stated in said will "To pay in equal quarter yearly payments, or as soon thereafter as may be practicable, unto my daughters Elizabeth A. Hearne, Mary Frances Hearne, Anna Theresa Hearne and Lillie Lee Hearne, the rents, issues and income derived from the entire rest, residue and remainder of my estate for the period of ten years immediately succeeding my death, and at the expiration of said ten years immediately succeeding my decease, to assign, transfer, convey, pay over and deliver, in equal parts, the corpus of said rest, residue and remainder of my estate, together with any and all unpaid accumulations of interest or income thereon, to such daughters of mine as may then be living, to have and to hold the same to them, their heirs and assigns forever.

" If any daughter or daughters of mine shall die before me, or within ten years after my decease, then and in either of such events I give, devise and bequeath the share or interest of, in and to my estate, which any deceased daughter or daughters of mine would have received had she or they survived me for ten years after my decease, to her or their issue, per stirpes, and in default of such issue, to my surviving daughters, share and share alike, in either case to have and to hold the same to them, their heirs and assigns forever; and I do order and direct that such share or shares at the time or times aforesaid, be assigned, transferred, conveyed, paid over and delivered conformably thereto and therewith."

On November 18, 1905, Anna Theresa Hearne, then Heise, as the party of the first part, executed and delivered to the defendant Wells, as the party of the second part, an

instrument which recited the death of her father, Edwin R. Hearne, the probate of his will and the terms thereof, and that the children of said Edwin R. Hearne named in said will were living, and therein provided that the party of the first part, Anna Theresa Hearne Heise, has "Sold, assigned, transferred and set over and by these presents do sell, assign, transfer and set over to the party of the second part as trustee and his successors and assigns for the uses and purposes hereinafter mentioned, the sum of one hundred and twenty-five thousand dollars ($125,000) more or less, being the total amount due and payable or which I may receive under the will or from the estate of my late father, Edwin R. Hearne, deceased, or to which I may become directly or indirectly entitled under the said will or from the said estate upon the termination of the prior estate limited in said will to the executors and trustees therein named, or as one of the next of kin or heirs at law of said Edwin R. Hearne, deceased."

The instrument was made expressly subject to an assignment mentioned therein and in trust for the purposes therein specifically stated. The said instrument also contained a paragraph as follows: "Furthermore, I do hereby make constitute and appoint said Frank M. Wells, my attorney in fact, to receive and from time to time receipt for in my name and behalf, not merely all moneys hereby assigned, but also any and all income issues and amounts which whether assignable or not may nevertheless become payable to me or my order directly or indirectly under my father's will or any trust the discretion thereunder or thereof and the same such income in his discretion to apply to my use, including in such application the settlement of such of my personal obligations as to said Frank M. Wells, it may seem I should and can meet with due regard to the intent of my father liberally to provide for my support and maintenance and that of my children."

Edwin R. Hearne at the time of his death was the

owner of both real and personal property, and at the time of the execution and delivery of the trust deed or instrument by the appellant to said Wells there remained in the hands of the surviving trustee under the will of Edwin R. Hearne, deceased, all or at least a large part of the real and personal property which was owned by the said testator at the time of his death.

On the 22d day of November, 1909, and after ten years had expired from the death of said Edwin R. Hearne, Mary H. Christopher, an alleged owner of an undivided interest in certain real property of which said Edwin R. Hearne died seized in fee or of an undivided interest in fee, brought an action as plaintiff against the appellant and her sisters and said Wells as trustee and others to partition said real property. The appellant claimed in said action that said trust deed or instrument of November 18, 1905, was procured by deceiving her as to its meaning and legal effect, and the issues relating thereto were thereupon severed from the partition action and this action was brought by the plaintiff, appellant, to set aside or reform said trust deed or instrument. The issues in this action were tried and judgment rendered dismissing the complaint, and said trust deed or instrument was by said judgment declared to be "In all respects a valid indenture and trust deed and by its terms the interest of the plaintiff in the estate of Edwin R. Hearne deceased became and was vested in the defendant Frank M. Wells as trustee upon the trusts in said indenture stated; that said indenture aforesaid is irrevocable and is still in full force and effect." Such judgment has been unanimously affirmed by the Appellate Division.

It is claimed by the appellant that the findings of fact upon which the judgment is based are contradictory and irreconcilable, and that the judgment is not sustained by them and should be reversed for that reason.

The findings of fact made at the request of the appellant which she now insists are inconsistent and irreconcilable

with those upon which the judgment is based are evidentiary only, and relate to occurrences subsequent to the execution of the trust deed or instrument in controversy. We are of the opinion that such findings are not irreconcilable with and do not contradict or overcome the other findings of fact or prevent the conclusions of law upon which the judgment is founded from having their full force and effect. The findings of fact as a whole sustain the conclusions of law and the judgment, and the issues relating to alleged deceit and misunderstanding in the execution of the trust deed or instrument are conclusively determined in favor of the defendant Wells. It is substantially conceded in this action and on this appeal that the appellant under the will of her father became vested with one-fourth of his residuary estate, subject to the same being held by his executors and the survivor of them under the trust provided in his will. The vested interest which she took under the will of her father is one-fourth part of his residuary estate after deducting therefrom the corporate stock to be held in trust for the benefit of her brother, Edwin R., and also subject to said residue being retained by the trustees and the survivor of them for ten years, as provided in said will, and subject also to being divested in case she did not live until the termination of the ten years' trust period. She could not during the ten years assign and convey one-fourth of the corpus of the trust estate in possession, but she could assign and convey her interest therein. (Real Property Law, section 59.)

It is urged that the trust deed or instrument is executory and invalid. It is a formal instrument under seal and purports to be a present complete transfer and assignment of the property described in it. Actual delivery of appellant's vested interest in her father's estate subject to the trust provided in his will was impossible. The formal execution and delivery of the instrument was a sufficient delivery of the property described therein to make the

transaction an executed as distinguished from an executory one. (*Matson* v. *Abbey,* 70 Hun, 475; affd., 141 N. Y. 179.)

The testator authorized and empowered his executors and the survivor of them to sell or lease any real or personal property of which he should die seized or possessed. In preparing the trust deed or instrument the draftsman may have sought to use language to describe the appellant's interest in her father's estate if it should at any time thereafter be held that the testator by his will equitably converted the trust property into personalty. The description of the property conveyed by the trust deed or instrument was not prepared with the care or attention which tends to prevent misunderstandings or litigation, but it nevertheless includes not only the appellant's vested interest in her father's estate if it was all converted into personalty, but much more than a statement of a specified sum of money payable at a future date. After specifying the sum of $125,000 more or less the description continues with the words: "Being the total amount due and payable *or which I may receive under the will or from the estate of my late father, Edwin R. Hearne, deceased, or to which I may become directly or indirectly entitled under said will or from the said estate upon the termination of the prior estate limited in said will to the executors and trustees therein named or as one of the next of kin or heirs at law of said Edwin R. Hearne, deceased.*"

The description of property was not intended to include the interest of the appellant as a beneficiary of the income under the trust.

We are of the opinion that it was the intention of the appellant by the trust deed or instrument to transfer and convey her vested interest in the trust property subject to the same being held by the trustee for the trust period as provided by the will of her father. The income to be received under the will was not intended to pass under

the trust deed or instrument, but solely by virtue of the power of attorney and subject to the appellant's direction to her said attorney.    As so construed the trust deed is a valid and enforcible instrument.

The judgment should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., WERNER, HISCOCK, COLLIN and HOGAN, JJ., concur; MILLER, J., not sitting.

Judgment affirmed, etc.