Matter of the Estate of H. CRUGER OAKLEY, Deceased.

(Surrogate's Court, New York County, September, 1921.)

Trusts — payment by trustee of income pursuant to written order of cestui que trust upheld — such an order cannot be considered an assignment of future income — Personal Property Law, § 15.

Payment made by a testamentary trustee pursuant to an order signed by the *cestui que trust* of income directing the withdrawal and payment of all accumulated income to his daughter, naming her, "and to do the same with future income as it comes in," will be upheld even though on several occasions at the request of the *cestui que trust* part of the income as it accrued was paid directly to him, and objections to the account of the trustee involving such payments will be dismissed.

The order being a mere direction revocable at the will of the maker, who thereby lost none of his rights under the will, was not intended as an assignment of future income, and section 15 of the Personal Property Law has no application.

Misc.]   Surrogate's Court, New York County, September, 1921.

PROCEEDINGS upon the accounting of a trustee relating to objections involving the payment of income.

William L. Sayers (William John Powell, of counsel), for H. Schieffelin Sayers, as successor trustee.

Walter F. Wood, for objectants.

FOLEY, S.   The objections filed to the accounting of the trustee involve payments of income only.   On June 30, 1913, William C. Rhinelander, the beneficiary of the trust, signed an order, prepared at his request by the attorney for the trustee and witnessed by him. The order reads as follows: " To H. Schieffelin Sayers as trustee of the estate of H. Cruger Oakley, Deceased. Sir: You are hereby directed to withdraw all accumulated income to date in the above estate and pay it to my daughter, Marguerite R. Sayers, and to do the same with future income as it comes in." Pursuant thereto, the trustee paid over the accumulated income and continued paying the income, as it accrued, to Mrs. Sayers, up to the death of Mr. Rhinelander. On several occasions the order was disregarded, and when requested the trustee paid to Mr. Rhinelander directly part of the income as it accrued.   The objections to the payments to the daughter, Mrs. Sayers, are filed by her brother.   He objects to the accounts on the ground that the paper signed by the *cestui que trust* on June 30, 1913, was an assignment of future income and void under section 15 of the Personal Property Law.   This contention is overruled.   As to the accumulated income unpaid at the date of the order, it is unquestionably valid.   Section 15 of the Personal Property Law has no application to the issue here involved and the authorities cited by contestant are not in point.   The signed order of the *cestui* was not intended as an assignment of future

Surrogate's Court, New York County, September, 1921. [Vol. 116.

income, and it in fact assigned nothing to Mrs. Sayers. It was delivered to the trustee and not to Mrs. Sayers, and she acquired no enforcible interest in the trust thereby. Neither did the *cestui* relinquish any of his rights under the will by the order. It is a mere direction, revocable at the will of the maker, to pay the income *"as it comes in"* and when he himself was entitled thereto, to a designated agent. It appears that each year, with the exception of 1919, when the life beneficiary died, that the trustee prepared a statement of his accounts which was submitted to the *cestui que trust* and approved by him. These original statements formed part of the schedules of the account filed herein. His action indicates that the *cestui que trust* himself regarded the order as revocable inasmuch as he requested and received part of the income personally. So far as the trustee is concerned the payment by him to such authorized agent is a discharge of liability. To hold otherwise would jeopardize payments made in good faith by trustees to authorized representatives of a *cestui,* whether banking institutions or otherwise. In *Matter of Valentine,* 5 Misc. Rep. 479, the *cestui que trust* executed a formal assignment as well as a written order similar to the one here involved. But the payments made by the trustee under the order were sustained. In *Heise* v. *Wells,* 211 N. Y. 1, the *cestui,* before the expiration of the trust term, executed an assignment to the defendant as trustee of the total amount to which she might become entitled under the will of her father, which created the trust, upon the termination of the prior equitable life estate. In the same instrument, which was in the form of a deed of trust, the plaintiff appointed the defendant her attorney-in-fact to receive all the income to which she was entitled under her father's will, and to apply the

same to her use. The instrument was determined to have validly conveyed her vested interest in the trust property subject to the same being held by the trustee for the trust period as provided by the will of her father, and that "the income to be received under the will was not intended to pass under the trust deed or instrument, but solely by virtue of the power of attorney and subject to the appellant's direction to her said attorney," although the power of attorney was a part of and incorporated in the deed of trust itself. The payments of income under the instrument were upheld.

The income installments here have all accrued and the payments have all been completed. By reason, therefore, of the special circumstances in this matter, this disposition is made by the court. It is not intended in any way to countenance any evasion by a beneficiary or his assignee, nor to impair the force and vigor of the statutory prohibition against the transfer of trust income.

The objections are dismissed.

Decreed accordingly.