In the Matter of the Estate of CHARLES MANNING VAN HEUSEN, Deceased.

Surrogate's Court, Albany County, December 22, 1932.

*Joseph Quittner*, for the petitioner.

*Farren, Herrick & Thacher*, for the respondent.

SCHENCK, S. In a proceeding brought on by the petition of William Proctor Van Heusen, to compel the National Commercial Bank and Trust Company of Albany, as trustee of the estate of Charles Manning Van Heusen, to render an account of its proceedings, the question presented to the court is whether or not a payment, made by the trustee of certain moneys derived from

income, was lawfully made. The National Commercial Bank and Trust Company of Albany is the executor and trustee under the will of the decedent herein, and William Proctor Van Heusen, the petitioner, has a life interest in the trust estate, to the extent of one-half of the income thereof. The trustee has received as income, money aggregating something in excess of $6,000, the bulk of which consisted of two payments, one made on May 1, 1931, and the other on December 1, 1931, amounting to $2,500 each, as dividends declared upon the stock of the Van Heusen Charles Company held by the trustee as the principal asset of the trust estate. Prior to November, 1931, William Proctor Van Heusen, the petitioner herein, was indebted to the Van Heusen Charles Company in the sum of $3,715.69. During the latter part of November, 1931, the trustee, through its trust officer, suggested to the Van Heusen Charles Company that some effort be made to collect the indebtedness of petitioner, and accordingly the attorney for the Van Heusen Charles Company prepared an instrument which was forwarded to petitioner in New York city, which instrument was duly executed by him and returned to the Van Heusen Charles Company, who in turn delivered it to the trustee on or about the 27th day of November, 1931. That instrument, which was signed and duly acknowledged by petitioner, reads as follows: " Know all men by these presents, That I, William P. Van Heusen, of New York City, hereby sell, assign, transfer and set over unto National Commercial Bank and Trust Company, of Albany, N. Y., as Executor and Trustee under the Will of my father, Charles M. Van Heusen, deceased, all income of every nature due and to become due to me as life beneficiary of the trust for my benefit under said will, for the purpose of paying therefrom all my indebtedness to The Van Heusen Charles Company, of Albany, N. Y., amounting to Three thousand seven hundred fifteen and 69/100 Dollars ($3715 69/100) and interest, and I hereby authorize and empower said Assignee out of any money due or to become due to me, to pay therefrom to said The Van Heusen Charles Company the amount of said indebtedness until the same is paid in full, with interest to date of payment, hereby ratifying and confirming all my said Assignee shall do hereunder."

Shortly after the receipt of said instrument by the trustee, the Van Heusen Charles Company declared a dividend, payable December 1, 1931, which made available for disposition for petitioner, the sum of $2,900, which sum was paid to the Van Heusen Charles Company on December 1, 1931, of which payment petitioner was on that date notified. Petitioner immediately telephoned the trustee requesting revocation of this instrument, but was advised that the money had already been paid to the Van Heusen Charles

Company, pursuant to the terms of the "assignment of income." The petitioner claims that the instrument is an assignment of his interest in the trust estate in violation of section 15 of the Personal Property Law and, therefore, the payment under this instrument, made to the Van Heusen Charles Company, does not relieve the trustee from the obligation of paying this money to the beneficiary.

Section 15 of the Personal Property Law provides that the right of the beneficiary to enforce the performance of a trust, to receive the income of personal property, and to apply it to the use of any person, cannot be transferred by assignment or otherwise. A similar provision may be found in section 103 of the Real Property Law.

Does the instrument of November 25, 1931, constitute an assignment? To answer that question, certain elements must first be considered. True, it contains the words "hereby sell, assign, transfer and set over" all income of every nature due and to become due, but the instrument itself runs, not to the creditor, the Van Heusen Charles Company, but to the trustee. Obviously, the Van Heusen Charles Company could not compel the trustee to make payment to it as a creditor of the life beneficiary, and, in the event that the trustee refused to pay such income in accordance with the provisions of the instrument, the creditor of the life beneficiary certainly could not successfully maintain an action against the trustee therefor.

No consideration is stated in the instrument itself and in so far as the relationship between the trustee and the beneficiary under the trust is concerned, no consideration can be found.

This instrument is not an assignment of moneys due to a creditor for the simple reason that the creditor is not the assignee therein named. In my judgment, however, it is a direction or order to a trustee to pay the income belonging to a beneficiary to a creditor and was revocable by the beneficiary at any time. It may well be that the attorney who drafted the instrument referred to it as an assignment and used such words as are usually found in assignments, in an endeavor to lend greater strength to the instrument. It is in fact, however, a mere authorization or order of the life beneficiary to his trustee to pay income as it is received, to a third party to whom the life beneficiary is indebted, and to continue to make such payments until a revocation of the order or direction or until the indebtedness is paid. It assigned nothing whatsoever to the Van Heusen Charles Company, nor did the Van Heusen Charles Company acquire any rights under the instrument in the trust estate. As an order or direction to the trustee to pay income due or to become due, the trustee was justified in making such payment

until it received a revocation from the beneficiary. (*Matter of Oakley*, 116 Misc. 494; *Matter of Goldman*, 142 id. 790.)

I cannot find in the evidence that there is anything to indicate such an element of bad faith in this transaction as would void the payment made under the clear directions given in the instrument.

The payment of $2,900 made by the National Commercial Bank and Trust Company of Albany to the Van Heusen Charles Company was lawfully made and will be allowed.

Submit decree accordingly.