In the Matter of the Accounting of ORRIE P. CUMMINGS et al., as Executors of EDWARD L. KELLOGG, Deceased.

Surrogate's Court, New York County, November 14, 1952.

*James M. Glimm* for executors, petitioners.

*William A. Roe* for Travelers Insurance Company, respondent.

*Schrenkeisen, Kettner & Gage* for Jane S. Kellogg, respondent.

*Harry Rosenfeld,* special guardian for Olive C. Kellogg, an incompetent, respondent.

*Littlefield, Miller & Cleaves* for Mutual Benefit Life Insurance Company, respondent.

COLLINS, S. Decedent's will executed in August, 1947, bequeaths a pecuniary legacy and specific legacies to his former wife and contains this provision: "I hereby state that any and all money given by me to the said JANE STRATHMEYER KELLOGG since our divorce were gifts and I direct that my Executors make no claim therefor or in connection therewith."

The executors hold a paper which appears to be a promissory note of the former wife dated January 24, 1948, in the sum of $5,000 payable to the order of decedent on the death of the

promisor. The executors ask a construction of the will for the purpose of determining whether or not the quoted text released the obligation of the divorced wife upon the promissory note.

If the will speaks as of the date of decedent's death there may be some basis for an assertion that he intended to discharge all claims against his former wife but, if the release in the will is limited to antecedent matters there is no basis for such an assertion. Ordinarily a will speaks as of the date of the testator's death (*Moffett* v. *Elmendorf*, 152 N. Y. 475) but a contrary intention may be found in the nature of a bequest or in the particular language employed by the testator (*Van Alstyne* v. *Van Alstyne*, 28 N. Y. 375). When the testator's language refers to an actually existing state of things his will is to be understood as referring to the date of the instrument rather than the date of death (*Rogers* v. *Rogers*, 153 N. Y. 343, 347).

The reference in this decedent's will is to accomplished facts. His statement was " any and all money given by me   &ast;   &ast;   &ast; were gifts." Here, as in *Matter of Macneal* (174 Misc. 947, 949), the language of the will expresses a consummated gift and such language is inadequate to encompass transactions which, with respect to the date of the statement, were in the future. The procuring of a promissory note in connection with a transaction subsequent to the will's execution would be a most peculiar way to effect a gift, and the exaction of the note following the declaration of intention in the will is a strong indication that the consideration for the note was not regarded as a gift. Release clauses in wills are strictly construed (*Engler* v. *Wicks*, 264 App. Div. 895; *Matter of Lee*, 141 N. Y. 58; *Van Alstyne* v. *Van Alstyne, supra*).

The court holds that the will does not discharge any obligation that may exist upon the note. Any question as to the enforcibility of the paper has not been put in issue in this proceeding.

The special guardian's contention that the thirteenth article of the will grants a life estate in certain real property to testator's sister is overruled. The will provides an absolute devise of such realty to the residuary devisees with no legally enforcible condition attached to the devise. The thirteenth article of the will is precatory only and imposes no more than a moral obligation upon the devisees of the property (*Post* v. *Moore*, 181 N. Y. 15; *Matter of Endell*, 192 Misc. 503; *Matter of Dieudonne*, 186 Misc. 642; *Matter of Keleman*, 126 N. Y. 73; *Matter of Jones*, 199 App. Div. 426; *Matter of Johnston*, 277 App. Div. 239). The testator used plain, unambiguous language in stating " it is

not my intention that this request constitute a condition, limitation or other restriction upon the devise.'' The testator's purpose to make an unfettered devise could not have been stated more clearly.

The personal claim of the accounting executrix is allowed.

The apportionment of estate taxes set forth in the account is approved. The beneficiaries of insurance chargeable with a prorata share of tax will be directed to return to the respective insurance companies the policies, settlement agreements, or other evidences of interest in order that appropriate amendments or indorsements may be made indicating the adjusted interests of the beneficiaries (*Matter of Scott*, 158 Misc. 481, affd. 249 App. Div. 542, affd. 274 N. Y. 538, certiorari denied *sub nom. Northwestern Mut. Life Ins. Co.* v. *Central Hanover Bank & Trust Co.*, 302 U. S. 721).

Submit decree on notice construing the will and settling the account.