OPINION OF THE COURT
F. Warren Travers, S.
In this accounting proceeding, objections have been filed by Hilda Sengenberger, life income beneficiary, of the sum of $50,000 as set forth in paragraph third of decedent’s will.
Although there were seven separate objections set forth, conferences and hearings have narrowed the issues. Petitioner’s attorney has filed a proposed decree. The attorney for the objectant is in agreement therewith except for the method of calculating the amount to be paid to Hilda Sengenberger and, consequently, objects to the amount itself.
In determining that amount, petitioner relied upon a document executed and acknowledged by Hilda Sengenberger which reads, in part, as follows:
“TO: Harold H. Link, Trustee
“27 Nicholas Drive “Albany, New York
*182 “I, Hilda sengenberger, an income beneficiary under the above trust, in order to assist in the support and maintenance of Mavis Link, do hereby temporarily assign one-half (V2) of the income of said trust to which I am entitled under the Will of said deceased to said Mavis Link and empower and direct the Trustee of said trust to pay said one-half (V2) of the income to which I am entitled to her, subject to the following restrictions:
“(a) This assignment shall not take effect until January 1,1975 so that any income earned on or after that date will be subject to this assignment;
“(b) This assignment is revokable by me but will remain in effect until terminated in writing by an instrument signed by me and delivered to said trustee.
“Dated: October 3, 1974
“S/ Hilda Sengenberger “Hilda Sengenberger”
Objectant Hilda Sengenberger, in this proceeding, argues that the purported assignment is invalid and contrary to EPTL 7-1.5 (subd [a], par [1]), which reads, “(1) The right of a beneficiary of an express trust to receive the income from property and apply it to the use of or pay it to any person may not be transferred by assignment or otherwise unless a power to transfer such right, or any part thereof, is conferred upon such beneficiary by the instrument creating or declaring the trust.”
Objectant contends, therefore, that she is entitled to the full amount due her for the period of the account plus interest, costs and disbursements.
In this State, the restrictions on the income beneficiary’s rights to alienate her interest in the trust are purely statutory. EPTL 7-1.5 (subd [a], par [1]) had its origin in former section 103 of the Real Property Law, and former section 15 of the Personal Property Law, with modifications. To a large extent, cases interpreting the old sections are still valid precedents today.
*183 Of interest to the court is the form and content of the purported assignment. The document is directed to and presumably was delivered to the trustee and not to the purported assignee. By its terms, it is revocable by the purported assignor. The latter apparently does not relinquish her rights under the will.
In carrying out the trust and the “assignment”, the trustee received the income quarterly. Thereafter, he would pay a portion to Hilda Sengenberger and use the rest, including the rest of Hilda Sengenberger’s portion for the benefit of Mavis Link. In effect, the document in question, of itself, and in its execution, is a direction, revocable at the will of the maker to pay a portion of the income as it is accumulated.
The statutory prohibition applies only to future payments. The moment any sum becomes payable to the beneficiary, it is her vested property and can be alienated by her in like manner with any other possession.
“As to any attempted transfer of future income, a purported assignment thereof * * * amounts merely to a direction for payment of the several future sums as they accrue. Any such direction, however, is ‘subject to revocation by the beneficiary at any time in respect to payments not made prior to such revocation.’ Any payments of future income actually made by the trustee after their accrual, pursuant to such an unrevoked order are, in essence, paid to the authorized agent of the beneficiary and furnish a pro tanto discharge of the obligations of the trustee.” (Matter of Lynch, 151 Misc 549, 552; see, also, Matter of Oakley, 116 Misc 494, affd 207 App Div 811; Matter of Goldman, 142 Misc 790, 793.)
The court finds and determines that the purported assignment was binding on Hilda Sengenberger for the period January 1,1975 through January 14,1983, the date of revocation.
The court further finds and determines that Hilda Sengenberger is entitled to receive the actual interest earned on the sum of $50,000 during the period in question less one half of the sum earned during the period January 1, 1975 through January 14, 1983.
*184 Settle decree in accordance with this decision on at least two days’ notice, or by having the opposing attorney and the guardian ad litem initial the proposed decree indicating consent as to form and content.