{5 Misc. Rep 479.)

## In re VALENTINE'S ESTATE.

(Surrogate's Court, Westchester County. November, 1893.)

TRUSTS—ASSIGNMENT OF INCOME.
    Payments of the income of land held in trust, made under an order from the beneficiary requesting such payment until further written notice, are good, as between the beneficiary and the trustee, though 1 Rev. St. p. 730, § 63, provides that no person beneficially interested in a trust for the receipt of rents and profits of lands can assign, or in any manner dispose of, such interests.

Settlement of the accounts of Nathaniel B. Valentine as trustee under the will of George B. Valentine, deceased.

Wm. George Oppenheim, for petitioner.
W. H. Pemberton, for the trustee.

COFFIN, S. There was no dispute as to the items of the account filed. The trustee produced as vouchers for the payments made to C. V. Fornes what purported to be an assignment from Mrs. Burtis to Fornes of the interest due to her in April, 1892, from the estate of her father, George B. Valentine, deceased; and the trustee was thereby authorized to pay the said interest to said Fornes, whose receipt therefor should be a sufficient voucher for said trustee. The paper was acknowledged before Pemberton, the attorney for the trustee, on the 27th day of April, 1892, and was prepared by Oppenheim, the attorney for Mrs. Burtis. Other receipts of Fornes were produced, covering the full amount of interest received, as stated in the account. Objections to the account were filed, but all seemed to be abandoned, except the last, which was to the effect that the credit claimed for payments made to Fornes should not be allowed. By the will, the investments were to be made and the interest paid to Mrs. Burtis for life, and then the fund was given

to her two children.    The objection is based upon section 63, 1 Rev. St. 730, which provides that "no person beneficially interested in a trust for the receipt of the rents and profits of lands, can assign or in any manner dispose of such interest.   *   *   *"   This has been held to apply to like trusts of personal property.    The case having been submitted on the assignment and vouchers and objections only, it was desired by the court that Fornes should be produced for examination, which was done.    He, among other things, testified that he had loaned to Mrs. Burtis and her family, in all, about $5,000, for the purpose, at first, of buying a farm in New Jersey, where she and her husband lived, and afterwards they concluded to buy a livery business; that he took various securities therefor, among which was the assignment mentioned.    When asked if he received interest thereafter by virtue of the assignment for which he had given the vouchers filed, he answered by producing a paper which reads as follows:

"New York, April 2, 1892.

"Mr. Nathaniel B. Valentine, Dunwoodie Station—Sir: Please pay to Charles V. Fornes, Esq., the interest moneys due under the will of George B. Valentine, deceased, until further written notice .from me, countersigned by him.                                    Harriet A. Burtis.

"Witness: Wm. Geo. Oppenheim."

A copy of this seems to have been sent to the trustee.    It further appeared that, on the day preceding, (April 1st,) Mrs. Burtis and her two sons executed an assignment, prepared by Oppenheim, of all their interests in the estate of the testator to Fornes, as security for the repayment of the loan.    Mr. Fornes also produced a paper bearing date the day prior to his examination, which reads as follows:

"Newark, N. J., Oct. 26, '93.

"Mr. C. V. Fornes—Dear Sir: This is to inform you that we have not nor shall we interfere, in any manner whatever, in your right and demand to collect the interest from N. B. Valentine, executor, to pay the amount due you for our several notes due and to become due; furthermore that we have authorized no one whatever to interfere or obstruct the collection by you of said interest from 19th May, 1892.

"Yours, respty.,                                    Harriet A. Burtis.
                                                      "Charles E. Burtis.
                                                      "James E. Burtis."

It does not appear that the trustee was a party to, or had any cognizance whatever of, any of these transactions, excepting the order of April 2, 1892, and the assignment of April 27th.    Consequently, they in no way affect him, in his official capacity.    What the life beneficiary may have done with others, in respect to anticipating her income, is of no concern to him, so long as he properly pays it as it accrues.    That may be a question between her and Mr. Fornes.    He is not a party to this proceeding, and we have nothing to do with it.    In April, when the assignment first mentioned was executed, the interest had already accrued, and was payable, and Mrs. Burtis could lawfully assign and direct to whom it should be paid.    By so doing, she did not anticipate any income, which it was the design of the statute to prevent.    She then had

a right to receive it, and expend it at her pleasure, or to direct to whom it should be paid. In Tolles v. Wood, 99 N. Y. 616, 1 N. E. 251, it was said:

"The disposition of such an income cannot be anticipated by the cestui que trust, or incumbered by any contract entered into by him providing for its pledge, transfer, or alienation, previous to its accumulation;" citing various cases.

The plain and obvious inference is that any of those things may be done after its accumulation. The payments under the order of April 2d, supra, seem also to have been properly made. Mr. Fornes, under that order, was simply acting as her agent to receive the income for her. That was apparent to the trustee, and no duty devolved on him to ascertain what Fornes was going to do with the money. A payment to her authorized agent was a payment to her. In England, where there existed no statute similar to ours, it was competent to insert in a will, in such cases, a provision in restraint of anticipation, which the courts there respected as much as if it had been an enactment on the subject; and it was held that it did not prevent the cestui que trust from giving an order for future income, revocable at pleasure. Perry, Trusts, (2d Ed.) § 671. Here the order given was so revocable. In the numerous cases relating to section 63 of the Revised Statutes, which have been examined, it is found that they have been chiefly between creditors and the cestui que trust. I have discovered none arising between the trustee and the life beneficiary.

Having reached the conclusion that the trustee has in no way violated the trust, it is unnecessary to inquire as to the applicability of the rule that a person cannot be allowed to take advantage of his own wrong. In this case Mrs. Burtis has had the money from the trustee once. She cannot expect to force him to pay it again. Decree accordingly, with costs to the trustee out of income.