SLATER v. SLATER et al.

(Supreme Court, Appellate Division, First Department. June 15, 1906.)

1. EXECUTORS—MISUSE OF TRUST—CONTRACTS—PERSONAL BENEFITS—APPLICATION.

Where complainant, as testator's widow, was entitled under his will to the whole income of his estate, as her own, and one of the executors refused to consent to the formation of a corporation to take over a business in which testator was interested until complainant signed a contract transferring to defendant and his sister 29 per cent. each of her income from the estate, exclusive of the family residence, such contract was obtained by defendant by an abuse of his position as executor, and was therefore voidable.

2. ASSIGNMENT—RENTS OF REAL PROPERTY—VALIDITY.

Where testator bequeathed the income of his estate to his widow absolutely for life, an assignment of a portion thereof by the widow to her son and daughter, in so far as it affected the real property belonging to the estate, constituted a violation of Real Property Law, Laws 1896, p. 572, c. 547, § 83, prohibiting the assignment of a benefit of the rent and profits of real property.

3. SAME—PERSONAL ESTATE.

Such assignment, in so far as it affected the personal property, was also void as in violation of Personal Property Law, Laws 1897, p. 508, c. 417, § 3, declaring that the right of a beneficiary to enforce performance of a trust to receive the income of personal property, and apply it to the use of any person, cannot be transferred by assignment or otherwise.

Appeal from Special Term, New York County.

Action by Cecelia L. Slater, individually, and as executrix of the last will of John Slater, deceased, against John J. Slater, impleaded with Cecelia L. Slater. From a judgment in favor of plaintiff (94 N. Y. Supp. 900), defendant John Slater appeals. Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

John A. Garver, for appellant.
Edward W. Hatch, for respondent.

HOUGHTON, J. By the will of plaintiff's testator all of his property, with the exception of his household furniture, which was given to his widow, was devised and bequeathed to his executors in trust; all the rents, issues, and profits, excepting small annuities given to three sisters, to be paid to his wife, this plaintiff, during her life, in lieu of dower, "for her own use and to enable her to support, educate and maintain our children." By a subsequent provision of the will it was provided that the wife was not to be liable to account in any manner for the use which she made of such income, because the same was given to her absolutely to use and apply as she might deem best and proper. The residue was given to testator's children, the appellant and his sister, the impleaded defendant or their issue, depending upon survivorship of the widow. The present qualifying executors were this plaintiff and appellant, John J. Slater. For many years prior to his death the testator had been in partnership with his brother, in the retail shoe business, under the firm title of J. & J. Slater. Controversy arose between the executors and the surviving partner as to whether or not the firm name, as well

as the good will of the business, was an asset of the partnership, and hence formed a part of the estate of the deceased partner, and it was finally determined, in the litigation which ensued, that it was, and it, together with the good will and other assets of the firm, were directed to be sold at public auction. Slater v. Slater, 175 N. Y. 143, 67 N. E. 224, 61 L. R. A. 796, 96 Am. St. Rep. 605.

By his will the testator did not direct, but expressed the wish, that the partnership business might be carried on for the benefit of his estate so long as it should be practicable and profitable so to do, stipulating, however, that with respect to his estate generally the funds should be invested in bond and mortgage. After it had been finally determined that the firm name was a part of the copartnership assets, and all of the assets had been directed to be sold at public auction, negotiations were entered into between the surviving partner and the parties interested in the estate of the deceased partner, including his executors, for the formation of a corporation with a capital of $100,000, to take over the partnership business; the stock to be equally divided between the surviving partner and the estate, and the latter agreeing to sell, however, one-half its holdings to a nephew for $25,000 in cash. This arrangement, if carried out, continued the business, gave the estate $25,000 in cash and $25,000 of stock in the new corporation, which, if it was as successful as the partnership had been, would yield a much larger income than would the money invested in the ordinary manner. A written agreement to this effect was drafted, in which it was recited that the executors, of which appellant was one, were acting in behalf of the estate, and was signed by all parties, except appellant individually and as executor. Meantime, unhappy, if not unseemly, differences had arisen between the plaintiff, the mother, and appellant, the son, and his sister, with respect to the mother sharing her income from the estate with her son. She had voluntarily given him 25 per cent. and was willing to continue that amount, and he desired that she enter into a written agreement to give him 33⅓ per cent. This she refused to do, and finally the amount was left to an arbitrator, and he fixed 29 per cent. as the proper proportion. An agreement to this effect, reciting that the agreement for the formation of a copartnership formed a part of the consideration therefore, and providing that a trustee be appointed to receive and divide such income, had been previously drafted and was complete, except as to the percentage of income which was to be given to the son and the daughter, and had been signed by all parties, except the mother, this plaintiff, who refused to execute it. The public sale of the partnership assets was about to take place, and could not be avoided, unless the appellant individually and as executor should sign the agreement for the formation of the corporation to take over such assets. This the appellant refused to do, unless the plaintiff would sign the agreement with respect to the division of the income. To avoid the sale, and to bring about the formation of the corporation, and to induce the appellant to sign the agreement therefor, the plaintiff finally signed the agreement transferring to the appellant and his sister 29 per cent. each of her income from the estate, exclusive of the family residence.

This action is brought to set aside this agreement for division of in-

come, and the plaintiff has obtained a judgment to that effect, which we think is right and should be affirmed. It is very plain that the appellant obtained this agreement, which was of profit to himself, through his dealing with the trust estate, and because of his position of executor and trustee. The income agreement recites that a part of the consideration therefor is the execution of the corporation agreement. The appellant refused to execute the one as executor, unless the plaintiff would execute the other dividing her income with him. Conceding, as we think the fact to be, that by the will of the testator the income belonged to the plaintiff absolutely, and that she was under no legal obligation to pay over any part of it to either of the children, and that she was therefore dealing with her own property, with which she could do as she liked, still the appellant used his office of trust and dealt with the trust estate to his own advantage. A contract obtained under such circumstances is against public policy. A trustee cannot deal to his own advantage with matters connected with his trust estate, and any contract he may make to that end is invalid, although no fraud be perpetrated or duress practiced. Carpenter v. Taylor, 164 N. Y. 172, 58 N. E. 53; Fulton v. Whitney, 66 N. Y. 548; Matter of Schroeder (Sup.) 99 N. Y. Supp. 176. Under this rule, we think it made no difference whether the execution of the corporation agreement was beneficial to the estate or otherwise. If it was beneficial, it was the duty of the appellant, as executor and trustee, to sign it. If it was detrimental to the interests of the estate, he should not have permitted himself to be induced to sign it by the execution of the agreement in his own favor. The fact remains that he used his office, and dealt with the trust estate, for his own benefit.

In addition, as to any real property belonging to the estate and embraced within the trust, the income agreement was void under the provisions of section 83 of the real property law in force at the time of its execution (Laws 1896, p. 572, c. 547), which prohibited the assignment by a beneficiary of the rents and profits of real property. The agreement assigned 48 per cent. of the income, and in addition provided that a trustee should be appointed to receive the income and apportion it as stipulated. This was in effect an assignment by the plaintiff of whatever rents might arise from any property. So, too, we think section 3 of the personal property law (Laws 1897, p. 508, c. 417) was violated by the provisions of the agreement. That section prescribes that the right of a beneficiary to enforce the performance of a trust to receive the income of personal property, and to apply it to the use of any person, cannot be transferred by assignment or otherwise. The plaintiff, although coexecutor, was the sole beneficiary of the trust. It devolved upon the appellant to execute the trust, and by the agreement the enforcement of the performance of the trust to receive the income of the personal property was transferred from the plaintiff to the trustee, who was to receive and pay out the income.

If it be conceded, as insisted by the appellant, that there was sufficient love and affection and moral obligation to constitute consideration for the agreement, still it cannot be upheld upon that ground, because it is an invalid agreement, and one which the courts will not

permit to be enforced, even if there shall have been a consideration of that character. The appellant contends that the plaintiff pleaded duress and has obtained her judgment upon a different theory. All the facts are stated in the complaint, and it was proper for the trial court to render the judgment which it did.

Our conclusion that the agreement is invalid, and one which the plaintiff had the right to ask the court to set aside, makes it unnecessary for us to comment upon the unfortunate family quarrel which has arisen, or to investigate the motives which prompted the bringing of the action, or to determine whether or not the plaintiff is justified in treating her son in the manner she has.

The judgment is right and should be affirmed, with costs. All concur.