## APPEAL OF EDWYNA APPLEBYE ROBINSON.

Docket No. 5305.    Decided July 29, 1926.

1. An attempted assignment of the rents, issues, profits, interest and income from a trust created under a will, to be paid to the use of the taxpayer, *held* invalid under the laws of New York.

2. The amount paid by a wife to her husband under an agreement providing that, in consideration of his giving up the sea-faring profession, she would divide her income with him equally, and each would bear all expenses equally, is not deductible as a business expense.

*George W. Smythe, Esq.,* for the petitioner.
*J. W. Fisher, Esq.,* for the Commissioner.

Before MARQUETTE, MORRIS, and GREEN.

This is an appeal from the determination of a deficiency of $557.62 in income taxes for the year 1920.

### FINDINGS OF FACT.

The taxpayer is a resident of New York State. In 1900 she married William Applebye Robinson, who was a sea captain. Before their marriage they entered into a written contract, the substance of which was that, in consideration of his giving up his sea-faring profession and sharing his income and property with her, she would share equally with him all of her income. The written contract was destroyed by fire in 1912 or 1913. Each party performed his part of the contract down to the conclusion of the World War. Then the husband, his sea-faring proclivities having been revived as a result of having been in the United States Navy during the War, again felt an urge for the sea. The taxpayer thereupon reminded him of their agreement. They then signed the instrument set out below which re-expresses their former agreement as nearly as it could be remembered.

I hereby agree, for value received and on condition that my husband William Applebye Robinson gives up the sea faring profession, and takes up no other that will take him away from home, to divide all monies coming to me from any source whatever, share and share alike, he to take half, and I to take half, as long as we live together; all home and other expenses to be shared equally.

January 25, 1919.

The taxpayer is the beneficiary of a trust created by the will of her mother which was probated in 1897. By its terms one-third of the residuary estate was devised and bequeathed to trustees, in trust, to pay and apply the net rents, issues, profits, interest and income to the use of the taxpayer during her life, and upon her death to transfer the principal to her issue. The estate held a mortgage on property which several years prior to 1920 was taken by the State of New York through condemnation proceedings for a public use. This interrupted the income of the estate from the mortgage. In 1920 the award in the condemnation proceedings was paid, which included the accumulated interest on the mortgage, and the trustee then paid to the taxpayer the share to which she was entitled under the will, which amounted to $12,645.50.

The income from the trust estate was paid by the trustee to the taxpayer. During their entire married life it has been her practice to turn over to her husband the checks which she received from the trustee. He deposited them in a bank account in his own name and drew checks thereon to the order of the taxpayer for one-half thereof, and he also paid therefrom his one-half share of the expenses in accordance with the terms of their agreement.

The taxpayer reported her income on the cash receipts and disbursements basis.

For 1920 each made a separate income-tax return and reported one-half of the income from the trust estate received in that year. The Commissioner determined that the entire amount was income to the taxpayer.

### OPINION.

MORRIS: The taxpayer contends the agreement with her husband was an assignment of a one-half interest in the income from the trust estate created by her mother's will. It is unnecessary to determine whether the instrument amounted to an assignment, for, even though it otherwise may have, it would be invalid under the statutes of New York.

Section 15 of the Personal Property Law provides:

The right of the beneficiary to enforce the performance of a trust to receive the income of personal property, and to apply it to the use of any person, cannot be transferred by assignment or otherwise. * * *

Section 103, Real Property Law, contains substantially the same provision relating to trusts of real property. The courts of New York in numerous decisions have held these provisions applicable to a trust such as the one in this case. *Central Trust Co.* v. *Gaffney*, 157 App. Div. 501; 142 N. Y. S. 902; affd. 215 N. Y. 740; 109 N. E. 1069; *Slater* v. *Slater*, 114 App. Div. 160; 99 N. Y. S. 564; affd. 188 N. Y. 633; 81 N. E. 1176; *Dale* v. *Guaranty Trust Co.*, 168 App. Div. 601; 153 N. Y. S. 1041; *Stringer* v. *Young*, 191 N. Y. 157; 83 N. E. 690.

It is also argued that, in case the entire amount of the trust income is determined to be income to the taxpayer, the part thereof going to the husband was under the contract a business expense to the taxpayer. We think it plain enough without discussion that this agreement between them was purely a family arrangement arising out of the marital relation, and that it was not entered into by the taxpayer for pecuniary profit.

*Order of redetermination will be entered on 10 days' notice, under Rule 50.*