*506 OPINION.
MoRRis:
The taxpayer contends the agreement with her husband was an assignment of a one-half interest in the income from the trust estate created by her mother’s will. It is unnecessary to determine whether the instrument amounted to an assignment, for, even though it otherwise may have, it would be invalid under the statutes of New York.
Section 15 of the Personal Property Law provides: '
The right of the beneficiary to enforce the performance of a trust to receive the income of personal property, and to apply it to the use of any person, cannot be transferred by assignment or otherwise. * * *
Section 103, Real Property Law, contains substantially the same provision relating to trusts of real property. The courts of New . York in numerous decisions have held these provisions applicable to a trust such as the one in this case. Central Trust Co. v. Gaffney, 157 App. Div. 501; 142 N. Y. S. 902; affd. 215 N. Y. 740; 109 N. E. 1069; Slater v. Slater, 114 App. Div. 160; 99 N. Y. S. 564; affd. 188 N. Y. 633; 81 N. E. 1176; Dale v. Guaranty Trust Co., 168 App. Div. 601; 153 N. Y. S. 1041; Stringer v. Young, 191 N. Y. 157; 83 N. E. 690.
It is also argued that, in case the entire amount of the trust income is determined to be income to the taxpayer, the part thereof going to the husband was under the contract a business expense to the taxpayer. We think it plain enough without discussion that this agreement between them was purely a family arrangement arising out of the marital relation, and that it was not entered into by the taxpayer for pecuniary profit.

Order of redetermination will be entered on 10 days’ notice, under Rule 50.