In the Matter of the Estate of EDWARD BECHTOLDT, Deceased.

Surrogate's Court, Clinton County, June 6, 1933.

*Cotton, Franklin, Wright & Gordon*, for the Chemical Bank and Trust Company, trustee.

*Russell H. Robbins*, for Edward Hallet Schneider, *cestui que trust*.

*Victor F. Boire*, for Edna S. Morley.

*Jonathan Holden*, for Northchester Corporation.

*Thomas E. White*, for Fidelity and Deposit Company of Maryland.

HARRINGTON, S. Edward Bechtoldt died, a resident of Clinton county, on March 2, 1927. His last will and testament was duly probated by this court on March 23, 1927. A trust for the benefit of Edward Hallet Schneider was created under paragraphs eighth and ninth of decedent's will naming as trustee thereof The Chemical National Bank of New York, predecessor of Chemical Bank and Trust Company, the petitioning trustee herein. The terms of the trust, so far as the same are applicable in this proceeding, are as follows:

" *Eighth.* All the rest, residue and remainder of my estate and especially the personal property consisting of money, government bonds (the bonds to be mixed or assorted by my executors hereinafter named as they may think just and best), mortgages or other securities now deposited or may hereafter be deposited with The Chemical National Bank of New York City or hereafter situated or located with any other bank or elsewhere, I give, devise and bequeath to the following persons in the following proportions: * * * To my nephew, Edward Hallet Schneider, two-sixteenths when he reaches the age of forty-three (43) unless he dies sooner, until then only the yearly income thereon from said two-sixteenths. * * *

" *Ninth.* * * * Furthermore, should any of the beneficiaries die after probate but before receiving his or her legacy, then I direct that his or her remaining share shall be divided among her or his next-of-kin according to law as soon as possible after the beneficiary's death."

The trustee upon this intermediate accounting proceeding has filed its account as trustee for the benefit of Edward Hallet Schneider for the period from June 24, 1927, to November 15, 1932, both dates inclusive. In addition to requesting a judicial settlement of its intermediate account as filed, the trustee has requested this court to instruct it regarding the disposition of the income from and the corpus of the trust held by it as such trustee, by reason of the following facts:

After the creation of the trust, the beneficiary thereof, Mr. Schneider, executed and delivered an instrument dated April 28, 1927, to the National Iron Bank and Edward J. Storb, both of Pottstown, Penn., as trustee, which purports to effect an assignment of all of his right, title and interest in and to the trust created for his benefit, as above mentioned, as collateral security for the payment of certain bonds issued by him in the sum of $15,000. A duplicate original of this assignment was filed with the trustee on or about May 15, 1927. On April 28, 1927, Mr. Schneider executed a similar assignment of his interest in said trust fund

to the extent of $10,000 to Fidelity and Deposit Company of Maryland, to secure it for a surety bond issued by said corporation to secure the payment of the bonds in the sum of $15,000 issued by Mr. Schneider, as first above mentioned. This assignment was made subject and subordinate to the assignment to the National Iron Bank and Edward J. Storb, as above mentioned. A duplicate original of this assignment was filed with the trustee herein on or about May 18, 1927. On or about June 9, 1932, Mr. Schneider executed and delivered unto one Estelle H. Cohen an assignment of accumulated income on the trust fund above mentioned, in the sum of $250. This assignment, among other things, stated that while said sum of $250 income was then earned, it would not become due and payable until on or before October 1, 1932. A duplicate original of this assignment was filed with the trustee herein on or about June 9, 1932. On or about October 3, 1932, a further instrument was executed and delivered by Mr. Schneider to Northchester Corporation, of Pine Plains, N. Y., in and by which Mr. Schneider purported to assign to said corporation his interest in certain Atchison, Topeka and Santa Fe Railroad Company bonds, in the principal sum of $5,000, and certain United States government bonds in the sum of $400, as therein described, which constituted part of the assets of the trust fund held by the trustee herein for the benefit of Mr. Schneider, as herein mentioned. This assignment also provided that in the event that said bonds were not included in the assets of said trust fund, or if they were not so included on May 10, 1935, or at the time of the distribution of the principal of said trust fund created for the benefit of Mr. Schneider, as herein mentioned, then said assignee should be entitled to a certain proportion of the assets of said trust fund, as therein mentioned. A duplicate original of this assignment was filed with the trustee herein on or about October 14, 1932.

It appears from the petition herein that the trustee has refused to honor any of the above-mentioned assignments executed by Mr. Schneider on the ground that the same are invalid. The trustee has requested that in view of the facts above mentioned, this court construe the terms of the will affecting the trust created for the benefit of Mr. Schneider, as above mentioned, with respect to the legal effect of the above-mentioned assignments, as follows:

" Ordered, adjudged and decreed, that, during the life of Edward Hallet Schneider and/or until he reaches the age of 43 years, the Trustee make all payments of income from the trust to Edward Hallet Schneider or to such person as the said Edward Hallet Schneider shall by orders in writing addressed to the Trustee, direct provided the said Edward Hallet Schneider shall execute and

deliver to the Trustee his personal receipt covering such payment to be made as directed by Edward Hallet Schneider. And it is

" Further ordered, adjudged and decreed that the purported assignment dated the 28th day of April, 1927 from Edward Hallet Schneider to The National Iron Bank, Pottstown, Pennsylvania, and Edward H. Storb, as Trustee, and the purported assignment dated the 28th day of April, 1927 from Edward Hallet Schneider to the Fidelity and Deposit Company of Maryland, and the purported assignment dated the 9th day of June, 1932 from Edward Hallet Schneider to Estelle H. Cohen, and the purported assignment dated the 3rd day of October, 1932 from Edward Hallet Schneider to the Northchester Corporation, copies of which are attached to the petition as Exhibits A to D inclusive, in so far as they attempt to assign, dispose of or affect the income from the trust fund are invalid and void to the extent that they purport to bind or affect the Chemical Bank & Trust Company as Trustee for the benefit of Edward Hallet Schneider under the trust created by the Last Will and Testament of Edward Bechtoldt, deceased. And it is

" Further ordered, adjudged and decreed that the purported assignment dated the 3rd day of October, 1932 from Edward Hallet Schneider to Northchester Corporation, a copy of which is attached as Exhibit D to the petition filed herein, in so far as the same attempts to dispose of or affect specific property now held in the corpus of the trust fund or to interfere with the Trustee's management thereof is invalid and void, and the Trustee is hereby directed to continue the performance of its duty of supervision and preservation of the assets of the trust estate, including those assets purported to have been assigned by said assignment to Northchester Corporation, and to make such sales or other disposition thereof at such times and upon such conditions as to it, as Trustee, may seem expedient. And it is

" Further ordered, adjudged and decreed that this order and decree shall not decide or determine the rights of the said The National Iron Bank, Fidelity and Deposit Company of Maryland, Estelle H. Cohen and the Northchester Corporation in or to any final distribution under the said trust for the benefit of Edward Hallet Schneider and that such questions may be determined on the Trustee's final accounting herein."

It will be noted that the trustee herein does not request this court to determine at this time the legal effect of such assignments upon the final disposition of the principal of the trust fund. In fact, the brief filed by the attorneys for the trustee states that it does not wish to question the validity of these various assignments

in so far as they may affect the ultimate disposition of the principal of the trust fund, and does not wish at this time to question the rights of these assignees against Mr. Schneider individually. The trustee is concerned at this time solely with the legal effect of such assignments upon its rights and duties as trustee. The only party interested in this proceeding which has requested that this court determine at this time the validity and priority of the above-mentioned assignments is Northchester Corporation.

As the principal of the trust fund created for the benefit of Mr. Schneider consists only of personal property, the legal effect of these assignments as against the beneficiary and the trustee and as between the various assignees would seem to be governed by sections 15 and 32 of the Personal Property Law. Section 15 of the Personal Property Law, so far as applicable to this case, provides as follows: " The right of the beneficiary to enforce the performance of a trust to receive the income of personal property, and to apply it to the use of any person, cannot be transferred by assignment or otherwise."

In construing this section the courts have held that the beneficiary of such a trust is powerless to affect, by assignment or otherwise, his right to the income thereon. (*Central Trust Company* v. *Gaffney*, 157 App. Div. 501, 506, 507; affd. on opinion of referee, 215 N. Y. 740; *Matter of Flint*, 118 Misc. 354, 355; *Seeley* v. *Fletcher*, 63 id. 448, 450.)

In construing section 103 of the Real Property Law, which makes substantially the same provisions as mentioned in section 15 of the Personal Property Law, it has been held that an assignment of the income on such a trust fund is void. (*Slater* v. *Slater*, 114 App. Div. 160, 164; affd., without opinion, 188 N. Y. 633.) It would seem that the same rule would be applicable as to assignments made in violation of section 15 of the Personal Property Law, except the assignment of accumulated income made to Estelle H. Cohen. As to this assignment, there would seem to be no legal impairment, provided there was at the time of the execution and delivery of such assignment, accumulated income in the hands of the trustee for the benefit of Mr. Schneider. (*Matter of Valentine*, 5 Misc. 479, 482; *Tolles* v. *Wood*, 99 N. Y. 616, 617, 618.)

Section 32 of the Personal Property Law provides the method of recording such assignments. If an assignment is not recorded, the same is void against any subsequent purchaser or mortgagee in good faith and for a valuable consideration, whose conveyance or mortgage is first duly recorded. Only two of the above-mentioned assignments have been recorded in this office. There is no proof before this court from which it can determine whether the subse-

quent assignees are purchasers " in good faith and for a valuable consideration," as required by statute. Accordingly, it is not possible at this time to determine the legal effect of these various assignments as between the several assignees. It is possible, however, and I so decide, that as against the trustee herein all of these assignments, other than the one to Estelle H. Cohen, are of no legal effect at this time or pending the duration of this trust, as provided in decedent's will. As to the assignment made to Estelle H. Cohen, if there was at the date of such assignment and the filing thereof of the duplicate original with the trustee herein, accumulated income in the amount equal to the amount mentioned in the assignment, then I believe such assignment was valid and the sum stated therein should be paid to said assignee. It would appear that Mr. Schneider will become forty-three years of age on or about May 10, 1935. The matter of the legal effect of these various assignments as against Mr. Schneider, the trustee herein, and as between the various assignees, can be determined upon the date when Mr. Schneider reaches the age of forty-three years and the final accounting of the trustee herein. In the event that he does not reach the age of forty-three years, then pursuant to the terms of the will, it would seem it would be unnecessary to determine such matter. Accordingly, a decree may be prepared in accordance with the requested instructions to the trustee, as hereinabove mentioned, except in so far as the same relates to the assignment made by Mr. Schneider to Estelle H. Cohen.

The trustee has requested that an allowance be made to it out of the principal of the trust fund herein for the necessary legal services and expenses incurred by it in this proceeding. Objection to any such allowance has been made by counsel for Mr. Schneider on the ground that the trustee must be deemed to know the legal effect of section 15 of the Personal Property Law, as above quoted, that it had refused to recognize these assignments with respect to income on the trust fund and because the legal effect of these assignments as against the trustee, Mr. Schneider, and between the respective assignees will be reserved for the final accounting in this matter. I cannot agree with this argument. The account in question covers a period of over five years so that it cannot be said that the trustee herein has had too frequent intermediate proceedings. Also, in view of the nature and number of these various assignments, I do not believe this court should assume the attitude that the trustee should be held responsible for knowing the legal effect of the same, at least to the extent of preventing the trustee from making a proper petition to this court for instructions concerning the same. The account herein shows that the principal of the trust fund now on hand amounts to $32,384.41. It seems well settled that the

expenses incident to an accounting proceeding should be borne by the principal of the trust fund and not from the income thereon. (*Matter of Petremont*, 213 App. Div. 318; affd., without opinion, 241 N. Y. 586; *Matter of Eddy*, 207 App. Div. 162, 164; *Chisholm* v. *Hamersley*, 114 id. 565; *Robertson* v. *DeBrulatour*, 188 N. Y. 301, 318.) Costs and additional allowances are, therefore, hereby allowed to the petitioner herein pursuant to sections 278 and 279 of the Surrogate's Court Act, to be based upon the affidavit of counsel for petitioner herein showing the necessary disbursements incurred and the legal services performed upon this accounting proceeding. Proposed decree to be settled upon five days' notice to all the interested parties.

Prepare decree accordingly.