MARIAN S. HONEYMAN, Appellant, v. HERBERT G. HANAN, as Executor, etc., of HERBERT W. HANAN, Deceased, Respondent.— In an action on a bond, order dismissing the amended complaint for insufficiency, and judgment entered thereon, unanimously affirmed, with ten dollars costs and disbursements. No opinion. Present — Lazansky, P. J., Young, Hagarty, Carswell and Johnston, JJ.

In the Matter of the PATCHOGUE CITIZENS BANK AND TRUST COMPANY, as Trustee for JOHN R. VUNK in the Estate of ADELAIDE M. GLOVER, Deceased, Respondent; JOHN R. VUNK, Appellant.—Appellant delivered to respondent's predecessor his promissory note, which contained a provision authorizing the latter, at its option, to apply to the payment of the obligations represented by the note all moneys " now or hereafter in the hands of the said Trust Company, on deposit or otherwise, to the credit of or belonging to " appellant. Appellant is the beneficiary and respondent the trustee of a trust created by the will of the deceased. In its account as trustee respondent credited the accrued income from the trust to the balance due on the note. Appellant filed objections to the settlement of the account. In our opinion the direction in the note authorized respondent to credit all sums which came into its hands as a bank or creditor of appellant and did not refer to funds which came into its possession as trustee. The note was delivered long after the creation of the trust. If it were the intention of the parties that the income should be applied to appellant's debt, the note would have so provided. Assuming, as respondent contends, the authorization did comprehend the income from the trust, yet, it seems to us, it would be only a pledge or assignment of such income as may in the future come into the hands of respondent. It did not relate to any accrued or existing income. It has been definitely held that under the statute (Pers. Prop Law, § 15, and Real Prop. Law, § 103), the " disposition of such an income cannot be anticipated by the *cestui que trust* or encumbered by any contract entered into by him providing for its pledge, transfer or alienation previous to its accumulation." (*Tolles* v. *Wood*, 99 N. Y. 616, reported in full in 16 Abb. N. C. 1, 9; *Matter of Valentine*, 5 Misc. 479.) It is contrary to public policy to permit the assignment of future income of a trust. (*Woodbridge* v. *Bockes*, 59 App. Div. 503, 517 [Fourth Dept.]; Pers. Prop. Law, § 15; Real Prop. Law, § 103.) Decree of the Surrogate's Court of Suffolk county, in so far as it dismisses the objections of John R. Vunk and credits the trustee with the payment to itself of $2,107.38, reversed on the law, with costs to appellant, payable out of the estate, the objections sustained and the trustee surcharged this amount. Lazansky, P. J., Hagarty, Davis and Johnston, JJ., concur; Young, J., dissents.