S. Samuel Di Falco, S.
Matters raised for the first time on the settlement of the decree were set down for hearing in order to afford all parties full opportunity to produce evidence in support of the issues now raised by them. Most of the new issues involve the interests of Otto A. Schlegel, a beneficiary under the will who has made numerous assignments of his interests. The following rulings are made:
*607 (1) The assignment to Harold K. Low patently covers the assignor’s interest in this estate, as well as his interest in a Supreme Court action. The court was heretofore under the impression that the assignment covered only the proceeds of the action. To the extent that the decision so stated, it is revoked. The assignment is operative according to its terms. However, the assignments to other persons which were recorded prior to the Low assignment are entitled to priority in payment. (Personal Property Law, § 32.) The assignee Low was given full opportunity to challenge the good faith of any other assignee whose assignment was first recorded or to show lack of consideration for such assignment. He failed to produce any evidence at all. The court, therefore, repeats its prior direction that the assignees are entitled to payment in the order of the recording of their assignments.
(2) Certain of the assignees request interest on their assignments. One of the assignments transfers all of the assignor’s right, title and interest “ to the first Seven Thousand ($7,000.00) Dollars that [the assignor] now or hereafter may claim, demand, own, or be, or become entitled to ” under the terms of this will, and it confers upon the assignee the right and power to demand, recover and receive all sums due him under the assignment “ to the extent of ” $7,000. The second assignment covers the sum of $3,000 that the assignor might be entitled to under the terms of the will of this testatrix, and it gives the assignee power to demand all sums due “to the extent of” $3,000. Neither assignment refers in any way to interest and neither gives the assignee any right at all except “ to the extent of ” sums specified. Whether an assigned sum shall include interest is dependent upon the intention of the parties. (Matter of Geismann, 133 Mise. 826, 828.) No evidence was submitted to the court on this point and there is no basis for giving either assignee anything greater than his assignment specifies.
The assignor is entitled to a general legacy of $10,000, a specific legacy and the income of the residuary trust. The general legacy itself will draw interest if not paid when due (Surrogate’s Ct. Act, § 218). There are other assignments of the legatee’s interests in addition to the two hereinabove referred to. One, at least, is said to provide expressly for interest. Any later assignment that provides for interest on the principal sum assigned will be entitled to payment in accordance with the terms of the instrument and to the extent that there are funds due the assignor under the will.
(3) The principal sums now due the assignor are insufficient to satisfy all of the assignments made by him. The executor has on hand, according to the account, nearly $17,000 of income. *608 Apparently the executor refused to disburse any income after it received notice of the many assignments. The entire residuary estate was set up in trust, with all income payable to Otto A. Schlegel during his lifetime. His assignees demand payment to them of the income now on hand. Counsel for the income beneficiary disputes their right to the income. The court understands from the statements in court of counsel for the income beneficiary that the beneficiary now revokes any authority on the part of the trustee to pay income to the assignees.
Section 15 of the Personal Property Law stands in the way of any effective assignment of income of the residuary trust. “ The rule, however, applies only to future payments. The moment any sum becomes payable to the beneficiary, it is his vested property and can be freely alienated by him in like manner with any other possession of which he is the absolute owner. ’ ’ (Matter of Lynch, 151 Misc. 549, 551-552; Matter of Bechtoldt, 148 Misc. 8, 12; Matter of Oakley, 116 Misc. 494, affd. 207 App. Div. 811; Matter of Valentine, 5 Misc. 479, 483; Matter of Kaufman, 201 Misc. 905, 908; 2 Scott on Trusts [2d ed.], p. 1066.) An attempted assignment of future income is regarded merely as a direction to the trustee for payment of sums as they accrue and is subject to revocation by the beneficiary at any time with respect to funds not paid out by the trustee prior to such revocation. (Matter of Lynch, supra; Matter of Goldman, 142 Misc. 790, 792; Matter of Dieudonne, 186 Misc. 642, 645; Restatement, Trusts, § 152, comment i; 2 Scott on Trusts [2d ed.], p. 1065.)
At the hearing the court called for evidence of the amount, if any, of accrued income in the hands of the executor at the time of making of any of the assignments. No proof at all was produced. The court cannot, therefore, make any ruling with respect to the right of any assignee to income accrued as of the date of his assignment. As to income thereafter accruing, a direction to pay income is revocable at any time before payment. Counsel for the income beneficiary made it plain in court ■that the income beneficiary revokes any such direction or permission an'd demands that payment be made to him. Such income is payable to him except to the extent that any court of competent jurisdiction shall make different directions.
(4) The vacation camp and dormitory for the blind demands interest on its legacy. It is entitled to interest. Mr. Schlegel has assigned more than the full amount of his general legacy, and any interest payable on that legacy must be paid to those assignees of that legacy whose assignments will not have been satisfied from the principal sum. Legatees are entitled to interest on legacies at the rate of 3% per annum from the date *609 the legacy is due, unless the delay in payment is unreasonable, and in that event a different rate would apply. (Surrogate’s Ct. Act, § 218.) Unless the will provides a different time for payment, legacies are payable seven months from the date of issuance of letters. No proof was offered at the hearing of an unreasonable delay in making payment and, therefore, the statutory rate of 3% applies.
(5) Concededly, Schlegel is entitled to $170 in reimbursement for certain expenses paid by him unless he has assigned that right. The assignments which the court has been required to examine appear to cover only property to which he is entitled under the terms of the will. The assignees had opportunity at the hearing to show that any assignment covered funds owed to Schlegel for moneys advanced by him, but no one offered any such proof. The court is, therefore, unable to make any direction for payment of the sum of $170 to anyone other than respondent Schlegel.
(6) One of the assignments covers the specific legacy of furniture. There is no dispute as to the assignee’s right to the property. There was discussion at the hearing of the value of the property for the purpose of reducing the assignor’s debt to the assignee and for the purpose of determining the assignee’s right to additional assets. The court understands that counsel will endeavor to arrange for the sale or valuation of the property and no further direction in respect of it is necessary at this time.
(7) Judgment creditors of Schlegel who do not hold assignments are not entitled to payments of moneys due Schlegel under the will in the absence of any order of a court of competent jurisdiction directing the executor or trustee to disburse the judgment debtor’s funds as therein directed.
(8) The interest payable on a general legacy shall be paid from income to the extent that the sum withheld from the legatee earned income. (Matter of Cropsey, 172 Misc. 197, 199.) If the average rate of interest earned on estate assets exceeds 3%, interest at 3% shall be paid from income. If the average rate of interest earned is less than 3%, interest on the legacy is payable from income to the extent of the interest earned and the balance is payable from the residuary principal.
(9) At the hearing, Schlegel’s counsel attempted to object to matters set forth in the account. In the absence of objections to the account, duly and timely filed, such matters are not before the court.
(10) Counsel will report immediately to the court in respect of proposals for a cotrustee.
Correct the decree and resubmit for signature.