John D. Bennett, S.
In this accounting proceeding Helen D. Gould, the life-income beneficiary of the trust, moves to dismiss the objections of James R. Bloomer.
There is no basic dispute as to the facts. On August 24,1945, shortly after the decedent’s death, Helen D. Gould, widow, as security for a loan to her of $50,000 by James R. Bloomer assigned to him all her right, title and interest in her husband’s estate upon condition that if the $50,000 debt as evidenced by a certain promissory note were repaid, the assignment would be void, The assignment was recorded in this court on April 27, 1949.
*943 The account of the executors was settled by a decree dated August 31, 1951. A portion of that decree directed that the sum of $53,337.07, being certain income to which Helen D. Gould was entitled, be distributed to certain judgment creditors of the income beneficiary. Twenty-five thousand dollars of that amount was directed to be paid to the objeetant by reason of his assignment and the balance which was in excess of $20,000 was directed to be paid to the income beneficiary. The decree also directed that $7,837.81 of income earned during administration and to which the income beneficiary was entitled be held in a special escrow account to be used in payment of certain contingent obligations assumed by the decedent. These contingencies have not materialized and the fund is presently payable to the income beneficiary. The decree was made on the consent of all parties, including the objeetant.
Shortly thereafter on September 12, 1951, Helen D. Gould in a letter addressed to the trustees revoked the assignment and directed that all income be paid to her as it accrued. In accordance with such direction, the income has been paid to the life-income beneficiary.
The objeetant claims that his assignment' remains valid and effective except as to the $25,000 already paid and is a lien on all accrued income, including the escrow fund, and on all future income.
In this State the restrictions on an income beneficiary’s right to alienate his interest are set forth in section 15 of the Personal Property Law (the applicable statute here) which reads, in part, as follows: ‘‘ The right of the beneficiary to enforce the performance of a trust to receive the income of personal property, and to apply it to the use of any person, can not be transferred by assignment or otherwise.” (See, also, Second Report, Commission on Estates, 1963, p. 459.)
The courts have stated that the purpose of such legislation was to “ enable a testator to protect the beneficiary of the income from his own improvidence ” (Matter of Caswell, 185 Misc. 599, 602-603, affd. 269 App. Div. 809).
While an assignment of a right to receive income of a trust is effective as to income accrued at the time of the assignment, it acts merely as a revocable authorization or direction to the trustee as to future income which has not been paid out by the trustee (Matter of Stern, 13 Misc 2d 605; Matter of Lynch, 151 Misc. 549; 2 Scott, Trusts [2d ed.], pp. 1065-1066).
It follows that the assignment is a nullity and cannot be ■declared to be valid and subsisting as requested by the objeetant with respect to income earned since September 12, 1951. How *944 ever, the special escrow fund represents income which accrued prior to the revocation and which but for the court ordered ■escrow arrangement would have been paid to the income beneficiary. The special escrow funds, therefore, represented more than accrued but unpaid income. Such funds, being entirely ¡segregated in the escrow account, were actually no longer a part ■of the trust itself and were payable under the contingencies ¡specified. Under such interpretation of the escrow fund the ■court is of the opinion that the revocation was ineffective to prevent a vesting of the income beneficiary’s interest in that fund in the assignee. The fact that the assignee consented to the payment of the fund to the income beneficiary under certain (contingencies is no waiver since the direction in the decree of payment to her may be construed also as being payment to her or ■on her account. A similar consent was given to the payment to the income beneficiary, part of which was in fact paid to her assignee. Accordingly the motion to dismiss the objections is granted insofar as such objections seek to sustain the validity of the assignment with regard to future income without passing upon the underlying obligation but the motion is denied and the ■objections sustained with regard to the income held in the special ■escrow account, together with all increments.